GREEN & WILSON *v.* ROANE & BELL.

EQUITY—*Confederate money act*—The act of March 5th, 1867, known as the Confederate money act, being unconstitutional, no benefit is derived from it, and a court of equity can grant no relief under it.

*Appeal from Jefferson Circuit Court.*

HON. WM. M. HARRISON, Circuit Judge.

*Wassell & Moore,* for appellants.

*Bell & Carlton,* for appellees.

McCLURE, J

The record in this case shows that Green & Wilson obtained a judgment against Julia Roane, in the Jefferson county circuit court, for nine hundred dollars debt, and three hundred and seven dollars and fifty-one cents damages, and that said judgment was affirmed by this court at the December term, 1866, (*24 Ark. 210.*)

Upon this judgment Green & Wilson sued out an execution and the same was levied on the property of Julia Roane, who, together with one M. L. Bell, gave a delivery bond. After the affirmance of the judgment in the case of Roane v. Green & Wilson, (*24 Ark. 210,*) by this court, the Legislature passed an act entitled "An act for the relief of persons bound by contract for the payment of Confederate money, or other paper currency." The third section of this act provides that the defendants, in cases where judgments have been rendered against them, may tender the proper amount to be paid according to the rule prescribed in the first section of the act, and enjoin as to the excess of said judgments by a bill in equity.

Under the provisions of said act, Roane and Bell filed their bill and made the necessary tender. At the hearing the Jefferson county circuit court decreed a perpetual injunction as to the judgment at law, save as to the sum of $251 16, and decreed costs against Green & Wilson. From this judgment the defendants appealed to this court.

The sole ground for entering a court of equity was to receive the benefit of the act of March 5, 1867. The question presented involves the constitutionality of the act last recited. In the case of *Leach v. Smith*, (*25 Ark. 246,*) that act was held to be unconstitutional. It follows, therefore, that the decree of the court below must be reversed. The cause is remanded with instructions to dissolve the injunction and dismiss the bill.

Judge Harrison being disqualified, did not sit in this case.

Hon. John Whytock, special Supreme Judge.